JONATHAN C. KINGSLEY ET AL. V. E. A. BUTTERFIELD.

[FILED SEPTEMBER 21, 1892.]

1. **Breach of Contract:** DAMAGES: PLEADING. Damages which necessarily result from the injury complained of may be recovered without any special statement of the same, and a motion to make the petition more "definite and certain," by stating in what manner the plaintiff has been damaged by the matters complained of, and the nature and character of such damages, was properly overruled.

2. **Contract:** FAILURE TO PERFORM. No exceptions were taken to the instructions nor any ruling of the court on the trial, and it

being admitted that the defendants below had failed to comply with their contract to lay out and open a public road, the building of a railway on the proposed route will not relieve them from the payment of damages for the failure to perform.

ERROR to the district court for York county. Tried below before NORVAL, J.

*Sedgwick & Power*, for plaintiffs in error.

*George B. France, contra.*

MAXWELL, CH. J.

This is an action upon a contract as follows: " This agreement, made and entered into this 10th day of December, 1886, by and between E. A. Butterfield, of York county, Nebraska, and Jonathan C. Kingsley, C. J. Nobes, Cyrus Hutchins, George Hopkins, and C. M. Cowan, of York county, Nebraska, witnesseth :

"That the said E. A. Butterfield, party of the first part, for and in consideration of the covenants and agreements of the said Jonathan C. Kingsley, C. J. Nobes, Cyrus Hutchins, George Hopkins, and C. M. Cowan, party of the second part, agrees to sell and convey to him, the said Jonathan C. Kingsley, the southeast quarter of section No. 1, in township No. 10 north, of range No. 3 west, in York county, Nebraska; and the said party of the second part, for and in consideration of the agreements of said first party, as hereinbefore stated, agrees to open and maintain a public road commencing on a point on the public road running east and west along the south side of said land not more than twenty rods west from the southeast corner of said land, running thence due north to the county road, running east and west through the center of section No. 1, in township No. 10 north, of range 3 west, in York county, Nebraska; said road to be opened and in condition for use within one year from the date of these presents. For the faithful performance of all which the said parties

hereto bind themselves in the penal sum of $250, to be paid as damages for the non-fulfillment of this contract."

It is alleged in the petition " That said defendants, and each of them, have neglected and refused, and still do neglect and refuse, to open and maintain a public road commencing on a point on the public road running east and west along the south side of said land not more than twenty rods west from the southeast corner of said land, running thence due north to the county road, running east and west through the center of section 1, township 10 north, of range 3 west, in York county, Nebraska; and said defendants have neglected and refused, and still neglect and refuse, to open and maintain any road whatever on said piece of land at the place and in the manner that said agreement requires the said defendants to do, to plaintiff's damage in the sum of $250, and plaintiff has been damaged by reason of the premises, and by reason of defendants' neglecting to perform their part of the said agreement, in the sum of $250."

A motion was thereupon filed by the defendants below to require the plaintiff below to make his petition "more definite and certain, by stating in what manner the plaintiff was damaged and the character of such damages." This motion was overruled and that is the first error complained of. The court did not err in overruling the motion. The general rule as to pleading damages is as follows: " Such damages as may be presumed necessary to result from the breach of contract need not be stated with any great particularity in the declaration. But in other cases it is necessary to state the damages resulting from the breach of contract specifically and circumstantially in order to apprise the defendant of the facts intended to be proved." (1 Chitty Pl., 371.) Damages which necessarily result from the injury complained of may be recovered without a special statement of the same. (*Bristol v. Gridley*, 28 Conn., 201; *Vanderslice v. Newton*, 4 N. Y., 130; Swan's Pr. & Prec., 229; Maxw., Code Pl., 79.)

Second—No exceptions were taken to the instructions and no attempt is made to point out any specific error in the rulings of the court. It is admitted that the plaintiffs in error (defendants below) failed to perform their contract, but we are asked to hold that the location of a line of railway on the proposed route prevented them and hence relieved them from liability. We cannot so hold. The plaintiffs in error no doubt were compensated for the right of way taken for the railroad, and whether so or not the contract they had entered into, and for which they had received a consideration, was not performed and the jury found the damages to be the sum stated in the contract with interest. This verdict is supported by the evidence and the judgment is

AFFIRMED.

Post, J., concurs.

Norval, J., did not sit.