FRANK SHUTT ET AL., APPELLANTS, V. AUGUSTUS LOCKNER,
APPELLEE.

FILED OCTOBER 18, 1906.   No. 14,437.

1. **Landlord and Tenant**: WITHHOLDING POSSESSION: DAMAGES. **The**
measure of damages for the wrongful eviction of a tenant by his
landlord, or for wrongfully withholding possession of the leased
premises, is ordinarily the rental value of the property for the
unexpired term, less the amount of rent reserved by the lease.

2. ———: ———: ———. In a proper case special damages in addi-
tion may be awarded, where such damages are certain and the
natural result of the wrong complained of.

APPEAL from the district court for Butler county:
BENJAMIN F. GOOD, JUDGE. *Affirmed.*

*Matt Miller,* for appellants.

*L. S. Hastings* and *A. M. Post, contra.*

DUFFIE, C.

The single question presented in this case is the meas-
ure of damages to which the plaintiffs are entitled for
failure of the defendant to give them possession of 160
acres of hay land under a lease for the year 1901. It is
alleged in the petition that plaintiffs on March 27, 1901,
leased the premises from the defendant for the term of
one year for the sum of $480, one-half of this sum to be
paid September 1, 1901, and the remainder November 1,
1901; that on or about April 15, 1901, the defendant
leased the premises to one Powell and refused to give the
plaintiffs possession; that Powell cut and appropriated
the hay on said premises, and that plaintiffs have been
damaged to the amount of $2,870 by defendant's breach
of contract. After the plaintiffs had introduced their
evidence and rested, the court directed a verdict in their
favor for $1, and from a judgment entered on the verdict
the plaintiffs have appealed to this court.

The plaintiffs' evidence was amply sufficient to establish the making of the lease and the refusal of the defendant to give them possession. On the question of damages, they offered to prove the amount of hay grown on the land and the value of the same on the ground. They also offered to show the expense of harvesting the hay and hauling the same to the railroad station, and the market value of the hay on the market, less the cost of transportation. These offers were refused by the court. No evidence was offered that the rent reserved was less than the rental value of the land at the time of the alleged breach on the part of the defendant, and the rejected evidence was offered as a basis for the recovery of profits as such. It is urged by the plaintiffs that their measure of damages is the profit they were prevented from realizing in not being allowed to cut and market the hay, and that the court erred in not allowing them to introduce evidence to show what that profit would have been. The defendant insists that their measure of damage is the difference, if any, between the rent reserved and the value of the lease at the date of the breach.

In *Cannon v. Wilbur*, 30 Neb., 777, it was said: "Ordinarily, where a tenant is wrongfully evicted by his landlord, the measure of the tenant's damages is the rental value of the property for the unexpired term, less the amount of rent reserved by his lease." While apparently conceding that this is the general rule of damages applicable in this class of cases, it is earnestly insisted by the plaintiffs in this particular instance that the profits were definite and certain and recoverable as damages. When the case was tried, the hay on the leased premises had matured, had been harvested, and its market value had been determined, and, in the sense of their knowing what profit or loss the plaintiffs would have made, the lapse of time had furnished them with evidence of the amount of hay which the land had produced and its market price. It is a universal rule that only such damages are recoverable for a breach of contract as naturally result from the breach.

*Kingsley v. Butterfield,* 35 Neb. 228. In this case the breach occurred in April, and before the hay had ma-tured. At that time the right of action for the breach accrued to the plaintiffs. Had the action been commenced and tried at that time, the amount of hay which the land would produce, the market value of the hay when harvested, and other elements which would enter into the question of whether the plaintiffs would profit or lose from their venture were matters of conjecture and speculation. Clearly no rule of law administered by our courts would allow damages to be predicated on opinions that might be formed relating to these questions. The fact that these questions had been determined by lapse of time when the case was tried does not in the least change the rule of law as to the evidence admissible to establish the plaintiffs' damage. *Kitchen Bros. Hotel Co. v. Philbin,* 2 Neb. (Unof.) 340; *Shaw v. Hoffman,* 25 Mich. 162, and other similar cases are relied on by the plaintiffs in support of their claim that evidence of their profits, had they been allowed to cut and market the hay, should have been received by the court. In these cases the tenants were in possession of the leased premises, conducting an established business, when the breach and eviction occurred. By the breach and eviction they not only lost the benefit of their lease, but their business was also broken up and injured or destroyed, and this destruction of their business was allowed as an element of damage. That one may recover for an injury to a profitable business is not a question for debate, and, where a wrongful eviction by a landlord has this effect, damage may be recovered therefor. We do not wish to be understood as holding that evidence of the probable crop of hay the land would produce and the ordinary market value thereof might not be shown as facts to be considered by the jury in arriving at the value of the use of the land during the term, and if the rejected testimony had been offered for this purpose it would undoubtedly have been received. *Snodgrass v. Reynolds,* 79 Ala. 452. What we do hold is

that under the circumstances of this case prospective prof-, its, which plaintiffs claim to have lost, was not a proper element of damage. Jones, Landlord and Tenant, secs. 140-171. There being no evidence that the value of the lease was greater than the rent reserved, and no part of the rent having been paid, the plaintiffs were entitled to nominal damages only, and the court properly directed a verdict for $1.

We recommend an affirmance of the judgment.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.