DAVID C. SNELLER, APPELLEE, v. SAMUEL HALL, APPELLANT.

FILED OCTOBER 21, 1911.    No. 16,740.

1. **Landlord and Tenant: LEASE: BREACH OF COVENANT: DAMAGES.** The measure of damages for a breach of covenant in a lease to put in possession is the difference between the rental value of the premises and the rent reserved in the lease. The lessee may also recover such special damages as he pleads and proves to have necessarily resulted from the breach of the agreement.

2. ———: ———: ———: ———. A leased certain premises to B, who took possession. Afterwards he leased the same premises to C for the same term. C attempted to take possession, but failed. B brought an action for damages against C based upon C's acts in attempting to take possession, the nature of which is not disclosed, and recovered a judgment. A was notified by C of the pendency of this suit and requested to assist. *Held*, That the judgment in and attorney's fees, costs and loss of time of C in defending that action are not proper elements of damage in an action against A on the covenants in the lease to put in possession and for quiet enjoyment.

APPEAL from the district court for York county: BENJAMIN F. GOOD, JUDGE. *Reversed.*

*J. W. Purinton,* for appellant.

*W. L. Kirkpatrick* and *George M. Spurlock, contra.*

LETTON, J.

This was an action for damages for the breach of two covenants in the lease of a barn, viz., a covenant that the barn should be open to entry by the plaintiff, and one for quiet enjoyment during the term of the lease. The petition pleaded that the defendant had broken both of these covenants, and had leased the barn to one Olmstead, who was then in possession, and that he accepted rent from both the plaintiff and Olmstead for the same term. It pleads that the value of the lease for the unexpired term over rent reserved in the lease was $50. It further alleges that plaintiff attempted to occupy the barn under his lease, and was sued for trespass by Olmstead on this account; that he notified defendant to defend the suit, which he refused to do; that a judgment for $5 damages was rendered against him in this action. It is further averred that the plaintiff has been damaged $100 for judgment, costs and attorney's fees, $100 for mental worry and humiliation and injury to his feelings, $76.80 for time and labor and material destroyed and loss of profits, $20.85 for deterioration in harness, expenses in

attempting to take possession, and rent overpaid. The answer denies the lease of the barn, except from the time that Olmstead would vacate and yield possession, and virtually denies generally all the other allegations in the petition. A trial was had without the intervention of a jury, and judgment rendered in favor of plaintiff for the sum of $102.90. No bill of exceptions was settled, so that the only question presented is whether the pleadings sustain the judgment.

There is no question but that the petition states a cause of action. Several of the items pleaded are not proper elements of damages in such an action. This would be immaterial if the findings of the district court were general. The court, however, made the following special findings: "For breach of contract, $1; amount of judgment in trespass suit, $5; costs of trespass suit, $17.90; attorney's fees in trespass suit, $25.; loss of time in trespass suit, $60; barn rent for June, 1908, $1."

Defendant claims the benefit of the principle that, where the evidence is not in the record, the court will only examine the pleadings to ascertain whether they are sufficient to support a judgment. There are exceptions to this  rule. If the findings of the court clearly disclose that, while the petition states a cause of action, yet that recovery has been allowed for certain elements of damage not properly cognizable or allowable in such a case, the court will relieve the appellant from a judgment founded upon such erroneous findings.

We are of the opinion that none of the items of damage relating to the so-called trespass suit are proper elements to be considered in this case. The petition shows that the so-called trespass suit was a civil suit brought by Olmstead against the plaintiff to recover damages for a trespass by plaintiff upon the leased property of which Olmstead was lawfully in possession. It was not a possessory action. It is true that the trespass may have been occasioned by the fact that defendant had leased the same property to both parties, but this we think cannot operate

to enlarge the field of recovery of damages for the breach of the covenants. The plaintiff had his remedy at law in order to gain possession. Damages incurred in a suit to obtain possession of the premises after having vouched in the defendant might perhaps be recoverable, but this was not such an action. So far as the petition shows, plaintiff undertook to take possession, and in doing so inflicted damages upon Olmstead, the nature of which is not disclosed, which Olmstead afterwards recovered in a civil action against him for the tort. The costs and expenses, loss of time, and damages which the plaintiff suffered in defending the civil suit brought against him by Olmstead for trespass grew out of his own mistaken act, and was not a natural or necessary consequence likely to follow from a breach of the covenants. Such a controversy is so far removed from the actual covenants in the lease that the covenantor cannot be said to have reasonably contemplated it as a result of the breach.

The general rule for the measure of damages in such a case as this is the difference between the rent reserved and the value of the premises for the term, and any other damages which have resulted as the direct and necessary or natural consequences of the plaintiff's breach of the contract. *Herpolsheimer v. Christopher*, 76 Neb. 355; *Shutt v. Lockner*, 77 Neb. 397; *Rose v. Wynn*, 42 Ark. 257; *Bernhard v. Curtis*, 75 Conn. 476, 54 Atl. 213; *Adair. v. Bogle*, 20 Ia. 238; 3 Sutherland, Damages (3d ed.) sec. 865. We have not been cited to any case extending the scope of damages as far as the plaintiff contends, and we are convinced that no such case can be found. To so hold might render parties liable for damages out of all proportion to the benefits derived from a contract, and expose them to dangers arising from wanton acts by the other party to the contract not reasonably to be foreseen or contemplated as one of the consequences following a breach. For these reasons, all the findings with respect to the trespass suit are erroneous and cannot be upheld.

We think the case is distinguishable from that of

*Blodgett v. Jensen*, 2 Neb. (Unof.) 543, cited by plaintiff. In that case the plaintiff was in possession of the land, and the recovery by a prior lessee of the natural products of the soil was treated by the court as of the nature of an ouster. The plaintiff therein was not the aggressor, but incurred the expense in defending his possessory rights after notifying his landlord of the action against him.

The findings as to damages in the particular mentioned and the judgment are not sustained by the pleadings. The judgment of the district court is therefore erroneous, and is

REVERSED.

SEDGWICK, J., took no part in the decision.