M. G. SIBERT ET AL., APPELLEES, V. F. E. HOSTICK, APPELLANT.

FILED APRIL 20, 1912. No. 16,675.

1. Appeal: CONFLICTING EVIDENCE. On an issue of fact submitted to a jury, their finding, unless clearly wrong, is conclusive in the appellate court, where the evidence is conflicting.

2. Landlord and Tenant: LEASE: BREACH BY LESSOR: MEASURE OF DAMAGES. In a suit by a lessee against the lessor for breach of contract to surrender possession of the demised premises, the measure of damages is the difference between the rental value of the leased property and the rent reserved in the lease, and in addition such special damages as are shown by the petition and the proofs to have necessarily resulted from defendant's breach of agreement.

3. Evidence: ADMISSIONS IN PLEADING. In proving an admission against defendant by an averment of his answer, plaintiff is only required to offer so much of the pleading as is necessary to show the admission, where the severing of the admission does not

pervert its sense or change the meaning of other language of the pleader.

4. **Contracts: CONSTRUCTION BY PARTIES.** The interpretation which the parties to a contract put upon it may, in that respect, determine their rights under it.

APPEAL from the district court for Nuckolls county: LESLIE G. HURD, JUDGE. *Affirmed.*

*G. H. Bailey* and *H. A. Brubaker,* for appellant.

*H. N. Marshall* and *R. D. Sutherland, contra.*

ROSE, J.

By written contract dated August 11, 1908, defendant leased to plaintiffs a section of land in Nuckolls county from March 1, 1909, to March 1, 1914. Plaintiffs paid $200 down, and agreed to pay an annual rental of $1,200, one-half on March 1st of each year and the other half on January 1st following. The second payment was to be secured March 1st each year by a note and a mortgage on the crops. Plaintiffs allege that they tendered to defendant March 1, 1909, $400 and the stipulated note and mortgage for $600, and at the same time demanded possession of the demised premises, which was refused. This is an action to recover damages for defendant's breach of contract. The execution of the lease and the payment of $200 are admitted. The tender by plaintiffs, the refusal of possession by defendant, and an oral modification of the lease, permitting defendant to surrender possession a few days after March 1, 1909, are controverted issues. Upon trial to a jury plaintiffs recovered a verdict and judgment for $2,460, and defendant has appealed.

The first assignment of error challenges the sufficiency of the evidence to sustain the verdict. Did plaintiffs make the necessary tender and demand possession? Was possession refused? Was the lease modified by parol to permit defendant to surrender possession a few days after March 1, 1909? When the contract was executed there

were two houses on the leased section, an old one occupied
by defendant and her husband, but not suitable for plain-
tiffs, and another which had recently been built for the
use of tenants. Plaintiffs demanded houses for two
families, and defendant in her lease agreed to build a new
house on the premises and have it ready for occupancy
March 1, 1909, and she did so. Prior to that date the
husband of defendant had advertised that he would sell
at auction on the premises, March 9, 1909, live stock,
farm machinery, grain, hay and household goods. Be-
tween 3 and 4 o'clock in the afternoon, March 1, 1909,
plaintiffs, with seven or eight wagon loads of property,
accompanied by their attorney, a police officer and another
witness or two, arrived at the leased premises and found
that defendant and her husband were occupying the new
house. At the time there were horses, cattle, hogs, feed
and machinery on the farm. Plaintiffs, their attorney, and
a number of witnesses stopped in front of the new house.
Defendant and her husband came out, and a controversy
lasting an hour or more ensued. About sundown plain-
tiffs left with their belongings and did not return. De-
fendant remained in possession. Plaintiffs had paid $200
on their lease, and had abandoned their former home.
After leaving defendant's farm, they wandered from place
to place in search of another. In the meantime they
boarded at hotels, and herded some of their cattle. In
contemplation of the lease defendant built a new house for
her tenants, allowed most of the stock on her farm to be
sold, rented rooms in Superior for her own occupancy, and
packed most of the furniture in her old house with a view
to moving it. These facts indicate that plaintiffs desired
in good faith to occupy the section of land under their
contract, and that defendant intended that they should do
so. Under such circumstances wise counsel would ordi-
narily result in the performance of mutual obligations.
The record is full of suggestion that litigation for breach
of contract should have been avoided.

The testimony on behalf of plaintiffs tends to show that

through their attorney they tendered to defendant in front
of her new house, March 1, 1909, $400 in currency and a
note and mortgage for $600, in compliance with the terms
of the lease; that they demanded exclusive possession;
that the tender and the possession were refused; that de-
fendant said complete possession at that time was im-
possible; that there was room for plaintiffs and defendant
in the houses on the place; that the live stock and other
property of both parties could be cared for temporarily on
the premises; that a sale was advertised for March 9, and
that defendant could not surrender exclusive possession
before that time. The proofs adduced on behalf of defend-
ant tend to show that no proper tender was made; that
defendant, with a camping outfit, was temporarily oc-
cupying the new house for the purpose of completing it;
that plaintiffs had informed her they did not expect to
move March 1st; that they had orally agreed to allow her
to remain until after the sale; that after plaintiffs started
away, and while they were still on the premises, she moved
her camping outfit from the new house and offered to
surrender possession. The evidence relating to the parol
modification of the lease was contradicted by plaintiffs,
and they adduced proof that defendant subsequently ad-
mitted that possession had been refused because plain-
tiffs did not have money to pay the rent. The record is
long and has been carefully considered, but a more ex-
tended reference to the testimony is deemed inadvisable.
Though the evidence is conflicting, it is sufficient, when
considered with all of the circumstances, to sustain a
finding that defendant did not in good faith offer to sur-
render complete and unqualified possession according to
her written contract, that its terms had not been changed,
and that the tender by plaintiffs was sufficient. The
jury having found in favor of plaintiffs on those issues,
their verdict thereon, for the purposes of review, settles
the facts adversely to defendant.

It is insisted that the trial court misstated the law to
the jury in an instruction that the measure of damages,

in the event of a finding in favor of plaintiffs, is the difference between the rental value of the premises and the rent reserved in the lease, and in addition such special damages as are shown by the petition and the proofs to have necessarily resulted from defendant's breach of agreement. The general rule was thus correctly stated. *Herpolsheimer v. Christopher*, 76 Neb. 355, 9 L. R. A. n. s. 1127; *Shutt v. Lockner*, 77 Neb. 397; *Cannon v. Wilbur*, 30 Neb. 777. It is argued, however, that the measure of damages is different under a long-term lease, but in the last case cited the stipulated tenancy was for a period of four years.

It is further contended that the verdict is excessive as including a rental value not proved and improper items of special damages, but the allowance thereof is clearly sustained by the evidence under the rules stated. The $200 advanced and not returned, the rental value of the section of land in excess of the rent reserved in the lease, as shown by a number of witnesses, the expenses necessarily incurred in finding and leasing other land, and in moving from defendant's farm to another, and the loss of work for plaintiffs' teams exceed the amount of the verdict, and there is competent proof of these items.

Defendant filed a duly-verified answer, alleging: "This defendant has suffered loss by reason of 240 acres of tillable land being uncultivated and not farmed for the year 1909, the rental value of which is reasonably worth to this defendant $4 per acre, $960," and "further damage by reason of loss of rental value on 60 acres of alfalfa hog pasture, $360." Plaintiffs offered, and the trial court admitted, these averments in evidence, as admissions against defendant, and the ruling is assailed as erroneous under the principle that a fragment of a pleading should not be admitted in evidence, where the severing would pervert the sense of the admission or other language of the pleader. Plaintiffs were not required to offer the entire answer. So much as was sufficient to prove the admissions of defendant was all that was required. If the

admissions were qualified or explained by other averments, defendant was free to offer them. There was nothing in the context to require plaintiffs to offer more of the answer than the admissions quoted.

It is further contended that plaintiffs were not entitled to possession until the end of March 1, under the literal terms of the lease, and that defendant had all of the next day to vacate. A recovery by plaintiffs cannot be defeated on this ground. The record shows conclusively that both parties had construed the contract, as made, to mean that plaintiffs were entitled to possession March 1. Defendant alleges in her answer that she was willing to vacate within two hours after they came upon the premises, and that "plaintiffs gave consent that defendant might remain on said premises for a few days after March 1, 1909." This was pleaded as an oral modification of the lease, and proof was adduced by defendant to establish the fact thus alleged. In her answer she also demanded the balance of the rent for the year from March 1, 1909, "to March 1, 1910." Her testimony shows that she was willing at all times to surrender at least partial possession on the earlier date. During the controversy at that time she did not assert the right to remain longer under the terms of the contract, but claimed that privilege through an oral modification. In this respect her rights will be determined according to the interpretation which all parties to the contract put upon it.

Complaint is made of rulings in giving and in refusing instructions, but the charge as a whole is fair to defendant and correctly states the law. No error being found, the judgment is

AFFIRMED.

REESE, C. J., not sitting.