THOMAS R. PHILIPS, APPELLEE, V. ELLA S. BOSSUNG,
APPELLANT.

FILED JUNE 12, 1922. No. 22079.

Landlord and Tenant: LEASE: PROOF OF VALUE. In a suit by the
    lessee of a farm to recover damages from the lessor for wrongfully
    withholding possession thereof, plaintiff was permitted to prove
    the number of acres planted to crop, the yield per acre, the price
    at which the product was sold, and the approximate cost of produc-
    tion. With this testimony and a showing of the rent reserved as
    a basis, witnesses were permitted to testify as to the value of the
    lease. *Held* error.

APPEAL from the district court for Gosper county:
RALPH D. BROWN, JUDGE. *Reversed.*

O. E. *Bozarth* and *Cook & Cook,* for appellant.

E. T. *Grunden* and *Stewart, Perry & Stewart, contra.*

Heard before MORRISSEY, C. J., LETTON, DEAN, ALDRICH
and DAY, JJ.

MORRISSEY, C. J.

In January, 1919, and prior thereto, defendant owned a
farm of 640 acres in Gosper county, Nebraska. Plaintiff
alleges that at that time and for many years prior thereto,
he was a capable and experienced tenant farmer and was
possessed of the necessary equipment for the operation of
such a farm as defendant owned; and that in the month of
January, 1919, the exact date not being given, certain ne-
gotiations were entered into between plaintiff and defend-
ant in relation to defendant's farm. The language of the
petition is such that it appears to allege that these negoti-
ations constituted an agreement between plaintiff and de-
fendant whereby defendant was, at a future date, to enter
into a lease of the farm for the remainder of the year 1919,
and to also allege that then and there defendant leased the
farm to plaintiff for the remainder of the year 1919. It is
alleged that during these negotiations the terms and condi-
tion of the lease were reduced to writing in the form of a

memorandum which was not signed by either party. Although the allegations of the petition are uncertain, the cause appears to have been presented by plaintiff on the theory that defendant actually entered into an oral lease of the premises, and defendant so shaped her defense as to meet that theory. In the petition it is specifically alleged:

"That the value of the lease for the year 1919, aforesaid, and the value of the possession of said land for the year 1919, under the terms and conditions as heretofore set forth, had defendant executed said lease and permitted plaintiff to enter possession thereof on the first day of March, 1919, to plaintiff was not less than six thousand ($6,000) dollars, all of which defendant well knew at the time that she wickedly and unlawfully refused to execute the same and refused to permit plaintiff to enter into the possession of said premises.

"That, by reason of the said false and fraudulent representations and by reason of defendant's refusal to execute said lease and her refusal to permit plaintiff to enter into the possession of said land, plaintiff has sustained damages in the aggregate sum of six thousand ($6,000) dollars."

There is a further allegation which alleges that because of his failure to get possession of the farm plaintiff was deprived of an opportunity to use his farm equipment and was compelled to sell the same at a great sacrifice, to wit, $3,000.

The answer in general terms is a general denial, but specifically sets out what defendant alleges were the circumstances and conditions under which plaintiff and defendant met and discussed the leasing of the farm, and the writing of the unsigned memorandum. It denies that any lease was made between the parties, and alleges that their conversation was simply an agreement that, if defendant, upon reflection, concluded to rent the farm to plaintiff, she would at a future date meet him at her attorney's office in Elwood, where a lease would be executed; that de-

fendant later concluded not to lease the premises to plaintiff and gave him timely notice of her conclusion.

Plaintiff offered no proof of the value of the lease at the time it is alleged to have been made, or of its value at the time it is alleged to have been breached. The defendant offered proof which conclusively shows that it was then worth nothing in excess of the rent reserved. Therefore, on this cause of action, plaintiff could recover no more than nominal damages.

Plaintiff contends that the allegations of the petition are sufficient to differentiate this case from *Herpolsheimer v. Christopher*, 76 Neb. 352, and *Shutt v. Lockner*, 77 Neb. 397, and that the rule governing the measure of damages announced in these cases does not apply. In the brief it is frankly stated that, if "plaintiff had not pleaded that he had informed defendant of the use to which he expected to put this farm and of facts which acquainted the defendant with the value of the occupancy of the place to the plaintiff, then these cases would be in point." The published opinions in the cases mentioned do not set out at length the petitions, but the transcripts, forming a part of the records of this court, are before us, and the petition in *Herpolsheimer v. Christopher*, 76 Neb. 352, sets out at great length and with much detail every element of special damage that is here pleaded, and that has any proof to sustain it. No proof was offered as to any loss suffered by the sale of plaintiff's farm equipment, or the sum earned by plaintiff in the business in which he engaged during the term covered by the alleged lease. Indeed, the only proof worthy of mention to support a claim of special damages is that relating to the crop produced on defendant's farm during the year covered by the alleged lease. Over objection, plaintiff was permitted to prove the number of acres planted to crop, the yield per acre, and the price at which the product was sold, and he showed by expert testimony the approximate cost of producing the crop. Based on this showing, witnesses testified to the value of the alleged lease. On this testimony, and this alone, the verdict of the

jury appears to rest. Apparently the jury arrived at the amount of recovery by ascertaining the total value of the crop produced and deducting therefrom the cost of production, and the rent reserved. This is not the proper measure of damages. In *Shutt v. Lockner,* 77 Neb. 397, this court had occasion to consider a somewhat similar question. The product in that instance was hay which had been harvested and its market value determined before the cause was tried. The plaintiff in that case insisted that the profits were definite, certain, and recoverable as damages. In its discussion of the subject the court pointed out that the cause of action arose when the contract was breached, and said:

"Had the action been commenced and tried at that time, the amount of hay which the land would produce, the market value of the hay when harvested, and other elements which would enter into the question of whether the plaintiffs would profit or lose from their venture were matters of conjecture and speculation. Clearly no rule of law administered by our courts would allow damages to be predicated on opinions that might be formed relating to these questions. The fact that these questions had been determined by lapse of time when the case was tried does not in the least change the rule of law as to the evidence admissible to establish the plaintiff's damage."

Applying the foregoing reasoning to this record, it is clear that the court erred in admitting the testimony mentioned. Other errors are assigned, but we do not deem it necessary to discuss them, as they are not likely to again occur. The cause is reversed, with leave to parties to file such new pleadings as may seem proper for a retrial of the cause upon its merits.

REVERSED AND REMANDED.