E. M. JARMAN, APPELLANT, V. W. R. SEXTON, APPELLEE.

FILED FEBRUARY 21, 1936. No. 29546.

*J. J. Harrington,* for appellant.

*Emmet A. Harmon, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

ROSE, J.

This is a controversy over damages for alleged breach of a lease in which defendant demised to plaintiff 160 acres of land in Holt county.

The petition contains in substance allegations that the lease was executed in writing and delivered May 21, 1934; that for $25 paid in cash plaintiff rented the land and the hay and the pasture growing thereon from May 1, 1934, to May 1, 1935; that defendant breached the lease August 13, 1934, and sent plaintiff a 25-dollar check, the amount of the rent paid; that the check was promptly returned; that defendant, without consent of plaintiff, rented the demised premises to Riley Carter, who entered thereon and harvested and removed the hay, thus depriving plaintiff of possession of the land and of his right to the hay and the pasture; that when defendant breached his contract the net value of the hay was $925 in addition to $100 for loss of the pasture. There was a prayer for damages in the sum of $1,025.

To the petition defendant interposed a general demurrer which the trial court sustained. Plaintiff elected to stand

on his petition and the action was dismissed. Plaintiff appealed.

The question presented by the appeal arises on assigned error in the sustaining of the demurrer.

For the alleged breach of the lease for which plaintiff paid $25 as the full amount of the rent for the entire year, he demands damages in the sum of $1,025. The petition was obviously drawn on the theory that plaintiff was entitled to the value of the hay, less the cost of harvesting it, and also entitled to the value of the pasture. That theory may properly be considered in testing the petition when attacked by demurrer. Damages recoverable on any other theory were not contemplated. The proper measure of recovery for an actionable breach by lessor of a covenant for possession has been stated as follows:

"The measure of damages for the wrongful eviction of a tenant by his landlord, or for wrongfully withholding possession of the leased premises, is ordinarily the rental value of the property for the unexpired term, less the amount of rent reserved by the lease.

"In a proper case special damages in addition may be awarded, where such damages are certain and the natural result of the wrong complained of." *Shutt v. Lockner,* 77 Neb. 397, 109 N. W. 383. See, also, *Herpolsheimer v. Christopher,* 76 Neb. 355, 111 N. W. 359; *Sneller v. Hall,* 90 Neb. 100, 132 N. W. 934; *Sibert v. Hostick,* 91 Neb. 255, 135 N. W. 1054.

Considering the same question, Chief Justice Morrissey said:

"Apparently the jury arrived at the amount of recovery by ascertaining the total value of the crop produced and deducting therefrom the cost of production, and the rent reserved. This is not the proper measure of damages. In *Shutt v. Lockner,* 77 Neb. 397, this court had occasion to consider a somewhat similar question. The product in that instance was hay which had been harvested and its market value determined before the cause was tried. The plaintiff in that case insisted that the profits were definite, certain,

and recoverable as damages. In its discussion of the subject the court pointed out that the cause of action arose when the contract was breached, and said:

" 'Had the action been commenced and tried at that time, the amount of hay which the land would produce, the market value of the hay when harvested, and other elements which would enter into the question of whether the plaintiffs would profit or lose from their venture were matters of conjecture and speculation. Clearly no rule of law administered by our courts would allow damages to be predicated on opinions that might be formed relating to these questions. The fact that these questions had been determined by lapse of time when the case was tried does not in the least change the rule of law as to the evidence admissible to establish the plaintiff's damage.' " *Phillips v. Bossung,* 108 Neb. 658, 189 N. W. 172.

Plaintiff did not allege any damages measured according to the established rule of law and evidence applicable to the alleged breach of lease pleaded as a basis of recovery, but did state in his petition that defendant sent him a check for the return of the rent for the entire term. The petition shows that plaintiff himself assumed obligations beyond the payment of rent. He made the lease a part of his petition. He agreed to protect the buildings; to keep the well and windmill in repair; to destroy all weeds along the fences and about the buildings before the seeds ripen. He did not allege on his part the performance of any of these obligations. The lease shows also that defendant reserved the right, if deemed necessary, to go upon the premises and harvest the crops. There is nothing in the petition to show that plaintiff, prior to August 13, 1934, could not have taken possession of the premises and have harvested the hay for his own benefit. In these views of the entire record, the petition was demurrable.

AFFIRMED.