M. K. GOETZ BREWING COMPANY, A CORPORATION, APPELLEE, v. ROBINSON OUTDOOR ADVERTISING COMPANY, A CORPORATION, APPELLANT, IMPLEADED WITH JOHN J. MCLAUGHLIN ET AL., APPELLEES.

57 N. W. 2d 169

Filed February 27, 1953. No. 33198.

*Max Kier,* for appellant.

*Jack Devoe,* for appellee M. K. Goetz Brewing Company.

*Cline, Williams, Wright & Johnson,* for appellees McLaughlin.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is a suit by the M. K. Goetz Brewing Company, plaintiff, against the Robinson Outdoor Advertising Company, John J. McLaughlin, Edward P. McLaughlin, and Loretto M. McLaughlin, defendants, for an injunction restraining the defendants from interfering with plaintiff's possession of certain property described in the petition. Plaintiff prayed for damages against the defendant Robinson Outdoor Advertising Company. The latter company also sought damages against the plaintiff and the defendants McLaughlin. The trial court found for the plaintiff generally, found that plaintiff was entitled to injunctive relief, fixed the damages owing to plaintiff from the Robinson Outdoor Advertising Company at $467, and determined that the Robinson Outdoor Advertising Company was entitled to nominal damages only as against the defendants McLaughlin. The defendant Robinson Outdoor Advertising Company appeals.

On April 23, 1945, John J. McLaughlin for himself and as agent for his brother Edward P. McLaughlin,

executed a 1-year lease on the east wall of the building described as 1521 O Street, Lincoln, Nebraska, to Gene Carraher, for a consideration of $20 a year with an option to renew for 3 years on the same terms. On July 2, 1945, John J. McLaughlin executed a 1-year lease on the west wall of the building described as 1500 O Street, Lincoln, Nebraska, to Gene Carraher for a consideration of $20 a month and on like terms and conditions for the next succeeding 5 years.

Gene Carraher died on June 7, 1947. Thereafter, on July 17, 1947, John J. McLaughlin executed a 1-year lease on the east wall of the building described as 1521 O Street to the Robinson Outdoor Advertising Company, for a consideration of $25, and on like terms and conditions for the next 4 years. On the same day, John J. McLaughlin executed a 1-year lease on the west wall of the building at 1500 O Street to the Robinson Outdoor Advertising Company, for a consideration of $300, and on like terms and conditions for the next 4 years.

On July 18, 1947, the special administrator of the estate of Gene Carraher, deceased, duly sold the two leases on the walls of the two buildings described as 1500 O Street and 1521 O Street to the plaintiff, and executed a bill of sale therefor.

It is the contention of the Robinson Outdoor Advertising Company that the leases held by Carraher were terminated because stipulated payments were in default. The record conclusively establishes that there were payments past due under both leases, but this does not appear to have been unusual. The evidence of John J. McLaughlin reveals that he did not consider the lease terminated on account of the nonpayment of rentals prescribed. He admits that he thought the leases had expired by their terms. The record shows further that when John J. McLaughlin discovered that the leases were not terminated by their terms, he promptly advised the Robinson Outdoor Advertising Company that he had inadvertently overlooked this fact and returned.

its check given pursuant to its leases with McLaughlin on the walls here involved. The leases did not make time of payment of rentals the essence of the contracts and it appears to have been customary to make the payments at irregular periods of time. Prompt payment was clearly waived by the conduct of the parties. No forfeiture of the leases was sought and no demand for the payment of the back rentals was ever made. The prompt payment of rent in accordance with the terms of a lease may be waived by the landlord. John J. McLaughlin testifies that he made no demand on Gene Carraher in his lifetime or upon the special administrator or executor after Gene Carraher's death and that it was not even his intention to press for the back rentals. Under such circumstances a demand is necessary to work a forfeiture. Farmer v. Pitts, 108 Neb. 9, 187 N. W. 95, 24 A. L. R. 719; House v. Lewis, 108 Neb. 257, 187 N. W. 784, 23 A. L. R. 877.

The record shows that the Robinson Outdoor Advertising Company had knowledge of the prior leases held by the Gene Carraher estate. It had knowledge, also, that payments on these leases were in default. It is quite evident that the Robinson Outdoor Advertising Company erroneously assumed that the leases were automatically forfeited for this reason. On July 17, 1947, the Robinson Outdoor Advertising Company obtained its leases from the McLaughlins. It knew also that the Carraher leases had been sold to the plaintiff on July 18, 1947, before it took possession of the property on or about September 1, 1947. The evidence shows that the Robinson Outdoor Advertising Company entered upon the property at 1500 O Street on or about September 1, 1947, and painted out the Goetz Brewing Company sign on the west wall of the building. The evidence also sustains a finding that the Robinson Outdoor Advertising Company at or about the same time painted out the Goetz Brewing Company sign at 1521 O Street. Further efforts to take over these premises were restrained by court order. The reason-

able cost of replacing these two signs was $350 and $117, respectively.

The leases held by the plaintiff were valid. Plaintiff was in lawful possession of these two properties when its possession was interrupted to its damage by the Robinson Outdoor Advertising Company. Clearly, plaintiff was entitled to an injunction against the Robinson Outdoor Advertising Company, restraining the latter from interfering with plaintiff's lawful possession of the property. The evidence shows that plaintiff was damaged to the extent of $467 and a judgment for plaintiff for that amount against the Robinson Outdoor Advertising Company is in all respects correct.

The defendant Robinson Outdoor Advertising Company asserts that it was entitled to the possession of the property in question since September 11, 1947, the date of the filing of this action, and that defendant Robinson Outdoor Advertising Company has been damaged in the sum of $1,800 by the failure of the defendants McLaughlin to give possession for the period ending June 30, 1948, the date of filing of its answer and cross-petition, and in the further amount of $150 for each month the Robinson Outdoor Advertising Company is denied the use of the premises under the terms of its lease. The Robinson Outdoor Advertising Company also claims $125 for the cost of repainting signs painted out by the plaintiff. There is no evidence in the record to sustain this last item of damage.

The evidence shows that the defendants McLaughlin failed to place the Robinson Outdoor Advertising Company in possession of the premises in accordance with the terms of the lease. The measure of damages for breach of a lessor's obligation to deliver possession of the leased property is the difference between the rental value and the rent reserved in the lease. Herpolsheimer v. Christopher, on rehearing, 76 Neb. 355, 111 N. W. 359, 9 L. R. A. N. S. 1127; Shutt v. Lockner, 77 Neb. 397, 109 N. W. 383; Jarman v. Sexton, 130 Neb. 453, 264 N. W.

305. As to the rental value of the premises, Robert F. Robinson testified that when he agreed to pay $300 a year for the lease on 1500 O Street he thought this was higher than the fair and reasonable value. There is no competent evidence in the record that the fair and reasonable market value of the lease at 1521 O Street was higher than the rent reserved. The rule applicable to this situation is stated in Philips v. Bossung, 108 Neb. 658, 189 N. W. 172, as follows: "Plaintiff offered no proof of the value of the lease at the time it is alleged to have been made, or of its value at the time it is alleged to have been breached. The defendant offered proof which conclusively shows that it was then worth nothing in excess of the rent reserved. Therefore, on this cause of action, plaintiff could recover no more than nominal damages." See, also, Shutt v. Lockner, *supra*.

The defendant Robinson Outdoor Advertising Company attempted to show that it lost profitable contracts because of the failure of the defendants McLaughlin to give possession. While in a proper case special damages may be awarded, prospective profits do not fall within this classification. The breach of the lease occurred when the McLaughlins failed to give possession at the time stated in the lease. Philips v. Bossung, *supra*. Had the action been tried at that time the elements which would enter into the question of whether or not the Robinson Outdoor Advertising Company would profit or lose by entering into the lease were matters of conjecture and speculation. No rule of law permits damages to be predicated on opinions that might be formed relating to these questions. Shutt v. Lockner, *supra*. We have stated the applicable rule in the following language: "In such a case, ordinarily, the measure of damages is the difference between the rental value of the premises and the rent that the plaintiff agreed to pay. By rental value is meant, not the probable loss of profits that might occur to the lessee, but the value, as ascertained by proof, of what the premises

would rent for, or by evidence of other facts from which the fair rental value may be determined. But special damages may also be allowed if pleaded and proved." Herpolsheimer v. Christopher, *supra.*

Special damages are something other than prospective profits. It is elemental that special damages must be pleaded and proved. None are pleaded and established by this record. Consequently, there is no basis for a judgment for special damages.

The decree of the trial court is in all respects correct and it is affirmed.

AFFIRMED.