MARINE EQUIPMENT AND SUPPLY CO., A NEBRASKA CORPORATION, APPELLEE, v. DON WELSH, APPELLANT.

196 N. W. 2d 911

Filed April 27, 1972. No. 38263.

Leamer & Galvin and John C. Baker, for appellant.

Smith, Smith & Boyd, for appellee.

Heard before SPENCER, SMITH, and NEWTON, JJ., and STUART and BUCKLEY, District Judges.

SMITH, J.

The district court on appeal from county court found Don Welsh guilty of unlawful and forcible detention of business premises for nonpayment of rent. It ordered restitution to Marine Equipment and Supply Co. Welsh appeals. He contends that nonpayment of rent under the circumstances constituted no ground for eviction.

On April 1, 1969, Marine verbally leased premises in South Sioux City to Welsh for a month-to-month term. The rent was to be $175 a month payable in advance on the first of the month and the cost of utilities. The utilities were metered separately, billed shortly after the first of each month of use, and due when billed. Billings ordinarily were made not later than the 10th of the month. Welsh operated a beauty shop on the premises.

In the first part of December 1970, Welsh had paid the $175 part of the rent and the utilities to December 1, 1970. Marine timely billed Welsh for the December and January utilities in the sums of $69.34 and $67.96. On February 26, 1971, Marine served Welsh with a 3-day notice to quit the premises. After service of the

notice but on the same day Welsh tendered the $69.34 and $67.96. At this time Welsh had paid the $175 sums at due date. Marine refused that tender and a subsequent tender of $175 for March rent. Marine commenced the forcible detention action against Welsh in county court on May 3, 1971. Prior to trial Welsh tendered payment of all sums due, but Marine refused the tender. Welsh offered no excuse for his dilatoriness.

Welsh argues as follows. Acceptance of the rent check of $175 for February waived the default in payment of the bills for December and January utilities. Marine failed to demand payment prior to service of the 3-day notification so that the notification was simply a demand for payment. Marine acquiesced by failing to prosecute diligently after service of the 3-day notice.

A tenant possesses a right to a demand for payment of rent and to a reasonable opportunity to pay. There must be a neglect or refusal to pay on his part before the landlord may claim a forfeiture of the lease or a judgment of ouster for nonpayment of rent. Equity considers statutory provisions for forfeiture for nonpayment of rent, to secure the rent and not to forfeit the lease, provided that the tenant acts in good faith and pays promptly on demand. §§ 26-1,119 and 27-1402, R. R. S. 1943. Defense in forcible entry and detainer actions may be equitable. The tenant will be relieved from a technical forfeiture in circumstances in which absolute good faith is shown and the exercise of equitable principles in his behalf is necessary that gross injustice may be prevented. See Farmer v. Pitts, 108 Neb. 9, 187 N. W. 95, 24 A. L. R. 719 (1922).

A practice of payment of rents at irregular periods of time may constitute a waiver by conduct of the parties. Goetz Brewing Co. v. Robinson Outdoor Advertising Co., 156 Neb. 604, 57 N. W. 2d 169 (1953).

The difficulty with the argument of Welsh lies in the facts. The premises were not used for residential purposes. The billings for utilities constituted demands

for payment. The lapse of time between service of notification and commencement of action without more did not constitute acquiescence on the part of Marine. There is no evidence that Welsh relied on the interval to his detriment. The facts are insufficient for a finding of waiver by conduct of the parties. The position of Welsh is without equity.

The judgment is affirmed.

AFFIRMED.