LENARD SUHR, APPELLEE, v. CITY OF SCRIBNER, APPELLANT.

275 N. W. 2d 596

Filed February 20, 1979.  No. 41750.

Hurt and Gallant, for appellant.

Kuhlman & Krafka, for appellee.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

KUNS, Retired District Judge.

This is an action for damages for wrongful eviction brought by Lenard Suhr, the plaintiff and appellee, against the City of Scribner, the defendant and

appellant, in the District Court for Dodge County, Nebraska. Appellant assigns error against an adverse judgment. We reverse and remand with instructions.

In his petition, appellee alleges the execution of a lease by which the appellant leased to him a 1 1/2-acre tract of land for the period of 5 years from October 19, 1973, for the operation of a landfill dump. Appellee agreed to operate the dump in accordance with law, to keep the dump open to the public, and to charge fees for the use thereof at rates fixed by agreement of the parties. No rent was reserved by lessor. Appellee operated the dump until June 7, 1975, when the appellant wrongfully locked him out and would not allow him to operate the dump. The allegations of damage and prayer for relief will be referred to in later portions of this opinion. Appellant's answer was a general denial. At the trial, appellant moved for a directed verdict both at the conclusion of appellee's case-in-chief and at the conclusion of all the evidence, upon the grounds that the evidence was not sufficient to support a verdict and that the evidence of damages was improper, speculative, and conjectural. Both motions were overruled. The court submitted the questions of wrongful eviction and of damages. The jury returned a verdict for the appellee and assessed damages. Judgment was entered thereon. Appellant concedes that the finding by the jury of wrongful eviction was based upon conflicting evidence and makes no contention of error in that respect. Error is assigned as to the overruling of the motions to direct the verdict on damages.

The appellee testified he first secured a lease for the operation of the city dump in 1968, and that the same was rewritten upon the same terms in 1973, so that he could use it to establish his credit for the purchase of a caterpillar tractor; that he was paid a fee or salary by the appellant for the maintenance of the

city dump; that he also entered into a separate oral lease with appellant for the use of a 17-acre tract of land adjacent to the city dump; and that after the appellant filed an injunction action against him, he secured the dissolution of a temporary restraining order and the dismissal of such action. There is neither pleading nor evidence of the terms and conditions of the employment contract or the oral lease or any breach thereof by appellant. It does not appear that appellant gave bond for the temporary restraining order or that its action was filed maliciously. In rudimentary form, these were separate causes of action and should have been separately stated and numbered. § 25-805, R. R. S. 1943. The appellee, however, failed as to each to allege a duty on the part of appellant, a breach thereof, and the causation of damage. Even though his theory of the case involved these issues, the court was correct in not submitting such issues of liability. Swartz v. Peterson, 199 Neb. 171, 256 N. W. 2d 681; Schmidt v. Johnson, 184 Neb. 643, 171 N. W. 2d 64. Issues of special damages arising from these extraneous causes of action also became immaterial, even though they were mentioned in the evidence and the trial court should have sustained the motions for directed verdict as to such issues. In this way, the following claims from special damage should have been withdrawn entirely from consideration by the jury: (1) Lost profit from the fee or salary for maintaining the dump; (2) lost income from loading and hauling sand from the 17-acre tract; (3) lost profit from farming said tract; (4) unreimbursed expense of clearing trees and brush from said tract; (5) cost of defending appellant's injunction action; and (6) damage from detention of appellee's farm machinery during pendency of temporary restraining order.

We come now to the matter of the damages caused by the wrongful eviction of the appellee. The gen-

eral rule is that the measure of damages for wrongful eviction is the difference between the rental value of the premises for the remainder of the term and the amount of rent reserved. Goetz Brewing Co. v. Robinson Outdoor Advertising Co., 156 Neb. 604, 57 N. W. 2d 169; Jarman v. Sexton, 130 Neb. 453, 264 N. W. 305; Philips v. Bossung, 108 Neb. 658, 189 N. W. 172. Special damages may be awarded where such damages are certain and the natural result of the wrong. Shutt v. Lockner, 77 Neb. 397, 109 N. W. 383. The appellee here does not allege or pray for general damages; there is no evidence of the rental value of the leased premises. The remaining questions relate to the claims of special damage.

Two items which will be considered together involve the claim of an annual loss of $250 from the sale of salvage for a total loss of $850; and the claim of a $30 per month loss on account of the inconvenience in disposing of tree trimmings, for a total loss of $1,200. There is no testimony whatever of any amounts of income from the sale of salvage and the only evidence of the value of the use of the dump in disposing of tree trimmings is the conclusion of appellee that it was worth $360 in 1974. Appellee testified that he had books of account of his operation of the dump. These books were not produced; no evidence was given of the operation of the dump in other years besides 1974; nor was there any description of the matters which might bear upon the operation during the remainder of the term. It is obvious that the volume of any business by appellee in these respects depends entirely upon the actions of the patrons of the dump or of persons wishing to have their trees trimmed. There is no evidence from which the jury would be able to forecast such matters over a period of 3 1/2 years, the term remaining, with any reasonable certainty. It was held in K & R, Inc. v. Crete Storage Corp., 194 Neb. 138, 231 N. W. 2d 110, that the claimant of damages must

furnish appropriate data to enable the trier of fact to find such damages with reasonable certainty without resort to conjecture or speculation. In Ridenour v. Kuker, 185 Neb. 321, 175 N. W. 2d 287, it was held that: "Damages are recoverable for losses caused by breach of contract only to the extent that the evidence affords a sufficient basis of ascertaining their amount in money with reasonable certainty." The evidence was insufficient to enable the jury to ascertain any amount of damages as to either of these items, and the motion for directed verdict should have been sustained as to each item.

The next item of special damage claimed is an amount of $2,000 by reason of the moving of a storage building from the premises after eviction. The appellee had purchased the building and placed the same upon the leased premises to provide storage for his equipment and shelter for the persons operating the dump. After the eviction, the appellee entered into a contract for the purchase of a tract adjacent to the dump for the sum of $2,000, payable in custom work for the seller. The measure of damages for the loss of storage facilities is the net rental value of the premises for such purposes. The cost of purchasing a new site upon which to place a storage building is completely immaterial. There being no evidence other than such cost and the expense of moving there, the item should have been withdrawn from the jury's consideration and the motion for directed verdict sustained as to the item.

Finally, the appellee claims special damage arising from the purchase of a caterpillar tractor necessary in operating the landfill. The allegation and the evidence show the total purchase price paid in 1973, the trade-in allowance for another tractor, the charges for interest and financing, and the balance due at the time of the eviction. Appellee testified to the frequent use of the tractor away from the dump for custom work for other persons. There is no evi-

dence of the value of the machine at any time or of any loss or depreciation in value caused by the eviction. The motion for directed verdict should have been sustained as to this item because there was no evidence whatever from which either the fact or the amount of damages could have been determined by the jury.

The evidence as to the issue of wrongful eviction was properly submitted to the jury. The evidence as to such issue was in conflict. As noted previously, the appellant does not assign any error as to this portion of the verdict. A lessee, after a wrongful eviction from the leasehold estate, is entitled at least to nominal damages, when the proof is insufficient to support a finding of either general or special damages. Goetz Brewing Co. v. Robinson Outdoor Advertising Co., *supra*. The trial court is directed to enter judgment in favor of the appellee for $10 and costs.

The judgment is reversed and the cause is remanded for further proceedings in accordance with the directions herein.

REVERSED AND REMANDED WITH
DIRECTIONS

WHITE, J., concurs in result.