ANNA E. BURKE, APPELLEE, v. HOMER H. NORTHUP ET AL., APPELLANTS.

FILED OCTOBER 30, 1915.  No. 18380.

1. **Appeal:** PLEADING: SAME CAUSE OF ACTION. The petition filed in the district court, set out in. the opinion, examined, and *held* to state tho same cause of action as that set out in the bill of particulars in justice court.

2. ———: ———: ———: CHANGE OF ISSUES. *Myers v. Moore,* 78 Neb. 448, and *North & Co. v. Angelo,* 75 Neb. 381, *held* decisive of the case at bar.

98Neb.54

APPEAL from the district court for Furnas county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*John Stevens,* for appellants.

*Lambe & Butler, contra.*

FAWCETT, J.

From a judgment of the district court for Furnas county, in an action for money had and received, defendants appeal.

The case originated in justice court. Plaintiff recovered in that court, and defendants appealed to the district court. The controlling question here is: Does plaintiff's petition in the district court state a different cause of action from that stated in the bill of particulars in justice court?

The bill of particulars alleged that defendants were doing business as real estate brokers; that they falsely and fraudulently, and with intent to deceive and defraud plaintiff, represented that they were authorized and had the power to sell lots 4, 5 and 6, in block 14, Colvin's addition to Arapahoe, and by reason of their representations induced plaintiff to deposit with them a certificate of deposit of $175, which certificate they promised and agreed to hold until the title deeds to the property, with abstract showing clear title to convey, could be obtained; that the defendants wrongfully and fraudulently converted the deposit into cash and appropriated the same to their own use; that thereafter they returned to plaintiff $75 of the amount, but have failed and refused to pay over the balance, and have failed and refused to deliver to plaintiff the title deeds as agreed.

The petition alleges that defendants were real estate brokers in Arapahoe; that, assuming to act as agent for one Houser, they induced plaintiff to enter into a contract of purchase of the same three lots, set out in the bill of particulars; that the contract provided that the property should be conveyed to plaintiff in fee simple, clear of all incumbrances, by good and sufficient warranty deed; the

Burke v. Northup.

consideration to be paid; that after signing the agreement plaintiff delivered to the defendants a certificate of deposit for $174.50, payable to the order of A. L. Burke, husband of plaintiff; that the husband gave to defendants a written check on the Bank of Maywood for $174.50; that the certificate of deposit and the check were delivered to defendants on the express oral agreement that defendants would deposit the certificate, or check, together with the contract, with the Arapahoe State Bank, the same to be held by the bank until defendants, or Houser, executed and delivered a warranty deed for the lots described and an abstract showing clear and merchantable title; that, upon their so doing, the certificate of deposit, or check, was to be then cashed and the money derived therefrom applied on the purchase price of the lots; that, in case the defendants failed to procure the abstract, showing merchantable title, and warranty deed within a reasonable time, the certificate of deposit and check were to be returned to the plaintiff; that, upon learning what defendants had done, Houser repudiated the contract, and that neither the defendants nor Houser ever tendered to plaintiff a deed or abstract, though the plaintiff had at all times been able and willing to comply with the terms thereof; that, contrary to the express oral agreement, defendants, upon receiving the certificate of deposit, or check, instead of depositing the same with the bank, immediately indorsed and cashed the certificate of deposit, or check, and appropriated the same to their own use; that subsequently they refunded $75 of the amount so appropriated, but have failed and refused to pay the balance.

We cannot agree with counsel for defendants that there was any change in the cause of action. The bill of particulars and petition are both based upon the fraudulent representations made by defendants in obtaining the certificate of deposit, their breach of good faith in cashing the same and appropriating the proceeds to their own use, and their failure to either deliver up the certificate of deposit and check, as agreed, or to refund the proceeds thereof. The simple fact that in the amended petition the facts upon

which their cause of action for the $100 had and received are more fully stated, does not constitute a change of cause of action. It is conceded that the action as originally instituted in the justice court was within the statute of limitations. The meaning of the phrase, "cause of action," is clearly and correctly stated in the fourth paragraph of the syllabus in *Myers v. Moore,* 78 Neb. 448, and *North & Co. v. Angelo,* on rehearing, 75 Neb. 381, states the rule as to change of issues. Those two cases are decisive of this.

AFFIRMED.

SEDGWICK and HAMER, JJ., not sitting.