ANN RICHARDS ET AL., APPELLANTS, V. ABE GOLDSTEIN ET AL., APPELLEES.

FILED FEBRUARY 24, 1933. No. 28408.

*Edith Beckman* and *William McDonnell*, for appellants.

*Shotwell, Monsky, Grodinsky & Vance* and *Harry B. Cohen*, contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

DEAN, J.

This action presents an appeal by Ann Richards and Catherine J. Moyer, the plaintiffs herein, from an order of the district court for Douglas county sustaining the special appearance of the defendants Abe and Sam Goldstein.

On and before March 21, 1929, the plaintiffs were the owners of certain described real estate in Omaha which they exchanged for real estate owned by the defendants Goldstein. The plaintiffs began this action for a rescission of the contract of exchange and also to recover damages alleged to have been sustained by the plaintiffs

by reason of certain false and fraudulent representations made by the defendants in respect of the property owned by them.

Personal service of summons was had upon Maxwell A. Pirsch and Nathan Watts, also defendants herein, and service by publication was had upon the defendants Goldstein, the notice stating that an order of attachment and garnishment had been regularly made against the building owned by the defendants.

Subsequently, the defendants Goldstein, by their attorneys, sought and were granted additional time in which to plead, and they later filed a motion to have the petition made more definite and certain. Upon leave of court, the plaintiffs' petition was thereafter amended. The defendants Goldstein then filed a motion to strike parts of the petition, but such motion was overruled and, at the same time, the demurrers of the defendants Pirsch and Watts were sustained.

The plaintiffs sought leave of court to amend their petition to an action at law for damages only, and thereafter, on August 7, 1931, an order was entered transferring the cause to the law docket. On August 24, 1931, the defendants Goldstein filed a special appearance, wherein they alleged that they are residents of Chicago; that the original petition herein was one in equity, and that purported service by publication was obtained upon them by reason thereof; that an amended petition stating a cause of action at law, and sounding in fraud, was filed after a demurrer to the amended petition was sustained; that the cause was transferred from the equity docket to the law docket; and that the court, by reason of the foregoing facts, had no jurisdiction over the defendants. The special appearance was overruled on November 19, 1931, and the defendants were given 10 days in which to answer. On January 30, 1932, however, upon notice by the court, the matter was again brought up and an order was entered sustaining the special appearance, from which this appeal has been taken.

The defendants concede that a valid service of summons by publication was obtained upon them in the cause of action alleged in the original petition herein and also in the first amended petition involving the rescission of the exchange of lands. But it is contended that, by their second amended petition, the plaintiffs' cause of action was changed to one of mere demand for a money judgment, and that the provisions of section. 20-517, Comp. St. 1929, providing for service of summons by publication upon nonresidents in actions relating to or in which the subject is real or personal property do not apply herein, and that the court therefore did not err in sustaining the special appearance.

We agree with the contention of the plaintiffs, however, that the defendants by their various filings herein mentioned may be deemed to have made a general appearance. On this point we have held:

"If a defendant invoke the judgment of the court, in any manner, upon any question, except that of the power of the court to hear and decide the controversy, his appearance is general." *Bankers Life Ins. Co. v. Robbins*, 59 Neb. 170.

"A defendant may appear specially to object to the jurisdiction of the court, but if, by motion or other form of application to the court, he seeks to bring its power into action, except on the. question of jurisdiction, he will be deemed to have appeared generally." *Troyer Furniture Co. v. Orchard & Wilhelm Co.*, 121 Neb. 301. See, also, *Barkhurst v. Nevins*, 106 Neb. 33, and *Maxwell v. Maxwell*, 106 Neb. 689.

And, in an early case entitled *Healy v. Aultman & Co.*, 6 Neb. 349, we held:

"An *alias* summons is not made necessary by the filing of an amended petition. Jurisdiction over the person of the defendant, once acquired, will continue, and can be lost only by an actual dismissal of the action."

After the service of summons by publication on them the defendants Goldstein, by the filing of their application for

additional time, the motion to make the petition more definite and certain, and the motion to strike, thereby invoked the power of the court and hence will be deemed to have made a general appearance.

The facts alleged in the second amended petition are the same as those alleged in the original and first amended petitions, the cause of action being based on the alleged ground that the defendants conspired to and did swindle the plaintiffs out of their property through false and fraudulent representations relied upon by the plaintiffs. The prayer for a rescission of the contract of exchange is omitted in the second amended petition, but, instead, the plaintiffs seek to recover a higher amount for damages alleged to have been sustained by reason of the false and fraudulent representations of the defendants. "Generally, changes in the form of an action or in the character and extent of relief sought, in which the facts remain substantially the same, are amendments to the original pleading and not changes in the cause of action, nor do they create new causes of action." *Finzer v. Peter,* 120 Neb. 389. And in *Scroggin v. Johnston,* 45 Neb. 714, we also held: "The allowing of a petition to be amended so as to change the form of action is permissible where the identity of the cause of action is preserved." And in *Shoemaker v. Commercial Union Assurance Co.,* 72 Neb. 650, it is said: "An amended petition which is no more than a restatement of the *gravamen* of the charge in the former pleading is not a departure, although the petition sounded in tort and the amendment avers a contract liability only."

In an action originally begun for the rescission of a contract of exchange of property and to recover damages alleged to have been sustained thereby, where the petition is subsequently amended by leave of court to provide for damages only, but in a higher amount than that named in the original petition, such amendment does not create a new cause of action, where the facts alleged are the same and where the cause of action, as in the original

petition, is based on the false and fraudulent representations of the defendants. The court erred in sustaining the special appearance of the defendants.

The order of the court sustaining the special appearance is reversed and the cause remanded, with directions that the defendants be given 10 days in which to answer.

REVERSED.