HYMAN ZELEN, APPELLANT, V. DOMESTIC INDUSTRIES, INC., APPELLEE.

FILED MAY 29, 1936. No. 29524.

*Mockett & Finkelstein,* for appellant.

*Stewart, Stewart & Whitworth, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and CARTER, JJ.

EBERLY, J.

This was originally an action for damages for an alleged breach of contract, entered into about March 1, 1932, between the plaintiff, Hyman Zelen, then doing business under the trade-name of the Western Electric Supply Company of Lincoln, Nebraska, and the defendant, Domestic Industries, Inc., a nonresident manufacturing corporation.

As set forth in plaintiff's first petition, under the terms of this engagement the Western Electric Supply Company was employed by the Domestic Industries, Inc., to act as the latter's sole distributors of its manufactured products in a definite territory which included the state of Nebraska, and the former agreed to enter into and carry on the business of purchasing and selling such products in the manner and upon the express conditions as agreed upon between the parties. The plaintiff alleged the making of this agreement, and attached a written copy of it to his petition, identified as exhibit A, as a part thereof.

Then followed allegations setting forth the full performance thereof by plaintiff, the breach thereof by defendant, and the amount of plaintiff's damages thereby occasioned.

At the time of filing his petition, and in aid thereof, plaintiff also filed affidavits for attachment and garnishment, based upon the fact that the defendant was a nonresident of the state of Nebraska. Thereupon writs of attachment and garnishment were duly issued and served by levy upon certain property in Lancaster county, Nebraska. On July 14, 1932, defendant filed a forthcoming bond and the property levied upon, by virtue of the writs of attachment and garnishment, was released to the defendant.

Thereafter the defendant filed its answer, which, in addition to reserving to itself the benefit of certain challenges to the jurisdiction of the trial court made by virtue of certain special appearances on its behalf, expressly alleged that on March 1, 1932, plaintiff and defendant entered into a written contract, a copy of which is attached to plaintiff's petition as exhibit A; and further specifically alleged:

"3. That as provided in said contract, plaintiff on or about March 1, 1932, furnished defendant with a schedule for the shipment of refrigerators described in said contract, a copy of which schedule is attached hereto marked exhibit 1 and made a part hereof.

"4. That plaintiff failed and refused to accept sight drafts with bills of lading attached on shipments of refrigerators by defendant to plaintiff under said contract and shipping schedules, to pay said sight drafts with bills of lading attached, to pay for said refrigerators on the delivery of said refrigerators in Lincoln, Nebraska, by defendant, to carry a sufficient stock of refrigerators in plaintiff's warehouse at Lincoln, Nebraska, to keep his financial rating sufficiently high to assure performance by him of his part of the contract and to take and accept from defendant the number of refrigerators each month for the months of March, 1932, April, 1932, and May, 1932, which

he agreed to take and accept from defendant for said months under the terms and conditions of said contract and shipping schedules, all as required by the terms and conditions of said contract. That by reason of plaintiff's failure to comply with the terms and conditions of said contract and shipping schedules as aforesaid, defendant canceled said contract and shipping schedules on or about June 16, 1932."

Thereupon plaintiff sought by reply to allege facts disclosing a modification, by agreement of the parties, of the provisions in exhibit A referred to in the answer. The trial court sustained a motion to strike the reply from the files.

The plaintiff then filed his amended petition setting forth as his cause of action the substance of the allegations contained in his first petition, modified by certain oral agreements which, in effect, eliminated and waived the requirements of exhibit A pleaded in that part of defendant's answer already quoted herein. Thereupon the trial court, on the ground "that plaintiff's amended petition herein states and introduces a new and different alleged cause of action from the alleged cause of action stated in plaintiff's original petition in this cause," quashed the writs of attachment and canceled the forthcoming bond. From this order plaintiff appeals.

The question presented by this record necessitates a careful comparison of the original petition filed by plaintiff with the terms of the amended petition held by the trial court to state and introduce a new cause of action. It also invokes due consideration of sections 20-852 and 20-853, Comp. St. 1929, which read as follows:

Section 20-852. "The court may, either before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding, by adding or striking out the name of any party or by correcting a mistake in the name of the party, or a mistake in any other respect or by inserting other allegations material to the case, or, when the amendment does not

change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved. And whenever any proceeding taken by a party fails to conform, in any respect, to the provisions of this Code, the court may permit the same to be made conformable thereto by amendment."

Section 20-853. "The court in every stage of an action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

In our consideration of the two pleadings, eliminating mere verbiage, looking to ultimate facts only, we find the parties to the transaction which is the subject of the action are identical; the same property is involved; the amount of the damages claimed is the same; the damages are alleged in both pleadings to have been caused by the identical acts of the defendant; the loss arises in the same manner. The only difference in the two pleadings is that in the first petition there is an omission to fully state the contract relations of the parties, which is supplied in the amended petition by allegations as to modification of a written obligation, exhibit A, which, in effect, if established by proper proof, will negative the defenses pleaded in defendant's answer.

Tested in the light of the ultimate facts alleged, the amended petition in the instant case introduced no new cause of action.

"By the phrase 'cause of action,' * * * is meant, not the formal statement of facts set forth in the petition, but the subject-matter upon which the plaintiff grounds his right of recovery." *Myers v. Moore,* 78 Neb. 448, 110 N. W. 989.

See, also, *Burke v. Northup,* 98 Neb. 849, 154 N. W. 715.

The amendments made were fully justified by section 20-852, Comp. St. 1929, especially as this section expressly authorizes an amendment "by inserting other allegations material to the case." Certainly it must be admitted that

the amendment made in the instant case in no manner affected the substantial rights of the defendant. Neither can it be said that the amendment made any substantial change of issues. Even as applied to questions requiring a more strict application than necessitated when the action is commenced and is pending in the district court, viz., when a case is retried in a higher court on appeal from a lower tribunal, we are committed to the rule that "A case must be tried in the district court upon appeal upon the issues tried in the lower court. This does not mean that no issuable fact can be pleaded in a petition in the district court that was not alleged in the bill of particulars in the lower court. If the identity of the cause of action is preserved in the petition it is sufficient." *Jacob North & Co. v. Angelo,* 75 Neb. 381, 110 N. W. 570. See, also, *Burke v. Northup,* 98 Neb. 849, 154 N. W. 715; *Richards v. Goldstein,* 124 Neb. 438, 246 N. W. 925; *Aronow v. Gold,* 274 Mass. 65, 174 N. E. 267; Annotation 74 A. L. R. beginning at page 912; *Morton v. Shaw,* 190 Mass. 554, 77 N. E. 633; *Doran v. Cohen,* 147 Mass. 342, 17 N. E. 647.

Plaintiff's amended petition being within the purview of our statutes on amendments, and not in fact introducing a new cause of action, the district court erred in its entry of the order of January 31, 1935, quashing the writs of attachment and canceling the forthcoming bond.

The judgment of the district court is therefore reversed and the cause remanded, with directions to reinstate the writs of attachment and also the forthcoming bond, and for further proceedings in harmony with this opinion.

REVERSED.