CITY OF ALLIANCE, A MUNICIPAL CORPORATION, APPELLANT, v. COVER-JONES MOTOR COMPANY, A CORPORATION, ET AL., APPELLEES.

50 N. W. 2d 349

Filed November 30, 1951. No. 33073.

Metz & Metz, for appellant.

*Reddish & Reddish, P. E. Romig, J. W. Weingarten,* and *W. P. Loomis,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

In this action the plaintiff City of Alliance, a municipal corporation, sought a decree annexing certain real estate to it; that certain parts of the real estate be opened and dedicated to the use of the public as streets; that the streets so designated be named; that the addition be named as set out in the petition; and for equitable relief.

City of Alliance will be hereinafter referred to as plaintiff. The defendants were Cover-Jones Motor Company, a corporation; Chicago, Burlington & Quincy Railroad Company, a corporation; and all persons having or claiming any interest in the land.

Cover-Jones Motor Company filed a motion to require the plaintiff to separately state and number its two causes of action, asserting that by one cause plaintiff sought to annex its property to the city, and by the other to appropriate and dedicate a portion of its property to the plaintiff for public use. The trial court sustained the motion. The plaintiff elected to stand upon its petition. Cover-Jones Motor Company then moved to dismiss the petition as to it. The trial court sustained the motion without prejudice. Plaintiff appeals. We affirm the judgment of the trial court.

Cover-Jones Motor Company will be hereinafter referred to as the defendant.

In its petition plaintiff alleged the enactment of an ordinance providing for the annexation to it of certain described lands of the two named defendants. The ordinance as pleaded was described as one annexing certain lands, compelling the laying out of certain streets and avenues, and naming them and the area so annexed. The ordinance set out that the lands were contiguous

and adjacent to the city and by act of the owners had been subdivided into parcels containing not more than five acres each and would receive material benefits from annexation. The ordinance further described certain lands by metes and bounds and provided that a certain part of it be dedicated to the use of the public as a street and another part as an avenue, and shall forthwith be laid out and opened by the owners, in part as a street and in part as an avenue. The lands so described are owned by the defendants. From a study of the descriptions it appears that the land so to be laid out was to widen an existing street and open an extension of an avenue. The ordinance then directed that an action be brought in the district court for the annexation and for the laying out of the street and avenue.

The petition then alleged that if the territory sought to be annexed was annexed, certain parts described by metes and bounds should be opened and dedicated to the public as a street and an avenue. Plaintiff prayed as above stated.

In essence plaintiff's argued assignments of error are that the trial court erred in sustaining the motion.

The motion of defendant is based on section 25-805, R. R. S. 1943, which provides: "Where the petition contains more than one cause of action, each shall be separately stated and numbered."

Defendant's position is stated in the motion made and sustained in the trial court.

The plaintiff's position is that it has pleaded but one cause of action and on that cause seeks two remedies.

In Johnson v. American Smelting & Refining Co., 80 Neb. 255, 116 N. W. 517, we quoted with approval this language: " 'What is a cause of action? We must keep in view the difference between the subject of action and the cause of action. The subject of action is what was formerly understood as the subject matter of the action. * * * The cause of action is the right claimed

or wrong suffered by the plaintiff, on the one hand, and the duty or delict of the defendant, on the other, and these appear by the facts of each separate case.' " That language was again cited with approval in Westover v. Hoover, 94 Neb. 596, 143 N. W. 946, 48 L. R. A. N. S. 984. See, also, Emel v. Standard Oil Co., 117 Neb. 418, 220 N. W. 685.

However, in Myers v. Moore, 78 Neb. 448, 110 N. W. 989, we held this: "And by the phrase 'cause of action,' as here used, is meant, not the formal statement of the facts set forth in the petition as a cause of action, but the subject matter upon which the plaintiff grounds his right of recovery." We approved this definition in Burke v. Northup, 98 Neb. 849, 154 N. W. 715; in Zelen v. Domestic Industries, 131 Neb. 123, 267 N. W. 352; in Lincoln Joint Stock Land Bank v. Barnes, 143 Neb. 58, 8 N. W. 2d 545; in Gergen v. The Western Union Life Ins. Co., 149 Neb. 203, 30 N. W. 2d 558; and in Schwank v. County of Platte, 152 Neb. 273, 40 N. W. 2d 863.

In Sickler v. City of Broken Bow, 143 Neb. 542, 10 N. W. 2d 462, we quoted with approval this language: " 'In determining whether more than one cause of action is stated, the main test is whether more than one primary right or subject of controversy is presented, other tests being whether recovery on one ground would bar recovery on the other, whether the same evidence would support the different counts, and whether separate actions could be maintained for separate relief.' "

Without attempting to reconcile these pronouncements we deem it advisable to state the underlying rule.

A recognized authority states: "Every action is brought in order to obtain some particular result which we term the remedy, which the code calls the 'relief,' and which, when granted, is summed up or embodied in the judgment of the court. This result is not the 'cause of action' as that term is used in the codes. It is true this final result, or rather the desire of obtaining it, is the primary motive which acts upon the will of the

plaintiff and impels him to commence the proceeding, and in the metaphysical sense it can properly be called the cause of this action, but it is certainly not so in the legal sense of the phrase. This final result is the 'object of the action' as that term is frequently used in the codes and in modern legal terminology. It was shown in the introduction that every remedial right arises out of an antecedent primary right and corresponding duty and a delict or breach of such primary right and duty by the person on whom the duty rests. Every judicial action must therefore involve the following elements: a primary right possessed by the plaintiff, and a corresponding primary duty devolving upon the defendant; a delict or wrong done by the defendant which consisted in a breach of such primary right and duty; a remedial right in favor of the plaintiff, and a remedial duty resting on the defendant springing from this delict, and finally the remedy or relief itself. Every action, however complicated or however simple, must contain these essential elements. Of these elements, the primary right and duty and the delict or wrong combined constitute the cause of action in the legal sense of the term, and as it is used in the codes of the several States. They are the legal cause or foundation whence the right of action springs, this right of action being identical with the 'remedial right' as designated in my analysis. In accordance with the principles of pleading adopted in the new American system, the existence of a legal right in an abstract form is never alleged by the plaintiff; but, instead thereof, the facts from which that right arises are set forth, and the right itself is inferred therefrom. The cause of action, as it appears in the complaint when properly pleaded, will therefore always be the facts from which the plaintiff's primary right and the defendant's corresponding primary duty have arisen, together with the facts which constitute the defendant's delict or act of wrong." Pomeroy, Code Remedies (5th ed.), § 347, p. 527.

"If the facts alleged show one primary right of the plaintiff, and one wrong done by the defendant which involves that right, the plaintiff has stated but a single cause of action, no matter how many forms and kinds of relief he may claim that he is entitled to, and may ask to recover; the relief is no part of the cause of action." Pomeroy, Code Remedies (5th ed.), § 349, p. 533.

"The cause of action thus defined is plainly different from the remedial right, and from the remedy or relief itself. The remedial right is the consequence, the secondary right which springs into being from the breach of the plaintiff's primary right by the defendant's wrong, while the remedy is the consummation or satisfaction of this remedial right." Pomeroy, Code Remedies (5th ed.), § 348, p. 529.

Our inquiry is whether plaintiff has undertaken to allege one or two causes of action.

Plaintiff asserts that it has proceeded here in accord with the provisions of sections 16-106 to 16-109, and section 16-111, R. S. 1943, providing for the annexation of land. Reliance is placed upon section 16-106, R. S. 1943, which provides: "The corporate limits of such city shall remain as heretofore, and the mayor and council may by ordinance include therein all the territory contiguous or adjacent, which has been by the act, authority or acquiescence of the owners subdivided into parcels containing not more than five acres and any tract consisting of five or more acres which is entirely surrounded by land already embraced within the corporate limits of said city. The mayor and council shall have power by ordinance to compel the owners of lands so brought within the corporate limits to lay out streets, ways, and alleys to conform to and be continuous with the streets, ways, and alleys of such city, and may vacate any public road heretofore established through such land when necessary to secure regularity in the general system of its public ways."

Plaintiff asserts that under the above section it has

the right to compel the annexation of defendants' land, to compel the laying out of streets, and to compel them to conform to its existing streets. We think it patent that plaintiff is undertaking to assert a right of annexation and, in essence, a right of appropriation of private property for public use, and that each right so asserted is a primary right.

The error of plaintiff's position is demonstrated by its second contention here. It directs attention to sections 16-601 to 16-608, and section 16-645, R. S. 1943, and states that the procedures provided therein for condemning and appropriating private property for public use have, in part at least, not been followed; that, when followed, the jurisdiction of the district court is appellate only; and that accordingly it is impossible for it to allege a cause of action for condemnation and appropriation that would not be vulnerable to a demurrer. The net of this contention is that plaintiff seeks a remedy without having a primary right.

The trial court did not err in sustaining the motion to separately state and number. The judgment of the trial court is affirmed.

AFFIRMED.