LENARD SUHR, APPELLANT, V.
CITY OF SCRIBNER, APPELLEE.
295 N.W.2d 302

Filed August 8, 1980. No. 42939.

Richard L. Kuhlman for appellant.

Hurt & Gallant for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

HASTINGS, J.

Plaintiff filed this action against the city of Scribner seeking damages for what he termed the unlawful termination by the defendant of a contract employing plaintiff to operate a city dump. The defendant filed a motion to dismiss the plaintiff's petition, claiming that *Suhr v. City of Scribner*, 202 Neb. 364, 275 N.W.2d 596 (1979) *(Suhr No. 1)*, was res judicata as to the present action. The District Court agreed and sustained the motion. The plaintiff has appealed, asserting that the subject of this lawsuit is not the same cause of action as was litigated in *Suhr No. 1*. We agree and reverse and remand.

In the first proceeding, the plaintiff filed a petition alleging the execution of a "lease and contract" by the two parties whereby the defendant employed the plaintiff to operate the city dump and leased certain lands to him in connection therewith. A copy of the alleged contract was marked as an exhibit and incorporated by reference into the petition. The jury found in favor of the plaintiff and awarded him damages in the sum of $19,980. We set aside that verdict, and found that the only cause of action pleaded by the plaintiff was one for wrongful eviction; and that there was no evidence of either special or general damages suffered

by reason thereof, but remanded the case with directions to enter judgment for nominal damages in the amount of $10 for the undisputedly wrongful eviction of the plaintiff.

The following language from our opinion in *Suhr No. 1* should bring the present appeal into perspective: "There is neither pleading nor evidence of the terms and conditions of the employment contract or the oral lease or any breach thereof by appellant [defendant]. It does not appear that appellant gave bond for the temporary restraining order or that its action was filed maliciously. In rudimentary form, these were separate causes of action and should have been separately stated and numbered. § 25-805, R. R. S. 1943. The appellee [plaintiff], however, failed as to each to allege a duty on the part of appellant, a breach thereof, and the causation of damage. . . . [T]he court was correct in not submitting such issues of liability. [Citations omitted.] Issues of special damages arising from these extraneous causes of action also became immaterial . . . ." *Id.* at 366, 275 N.W.2d at 598.

We established as the law of the case in *Suhr No. 1* that the present action pertaining to the alleged employment contract is a separate and distinct cause of action from the one involving the lease of land. Reference to several of our earlier opinions will clarify our disposition of this appeal.

In *City of Alliance v. Cover-Jones Motor Co.*, 154 Neb. 900, 50 N.W.2d 349 (1951), the plaintiff had filed a petition seeking to annex to it certain of the defendants' lands and to cause to be dedicated to the use of the public as streets a portion of the defendants' real estate. A motion to require the plaintiff to separately state and number its causes of action went unheeded and the trial court, on further motion by the defendants, ordered the petition dismissed *without prejudice*. In affirming that action, we defined a cause of action generally as consisting of a primary right possessed by the plaintiff and a corresponding duty devolving upon the defendant combined with a "delict" or wrong done by the de-

fendant. In finding that two causes of action were alleged, we said: "We think it patent that plaintiff is undertaking to assert a right of annexation and, in essence, a right of appropriation of private property for public use, and that each right so asserted is a primary right." *Id.* at 906, 50 N.W.2d at 352.

In *Schuyler Nat'l Bank v. Bollong*, 24 Neb. 821, 40 N.W. 411 (1888), we ruled that the trial court erred in overruling the defendant's motion to require the plaintiff to separately state and number his various causes of action. In doing so, we said: "A plaintiff cannot jumble his causes of action together, and in answer to an erroneous overruling of a motion to separately state and number, say that no injury has resulted from such ruling.

. . . .

"Each cause of action set out in a petition must show that the defendant is liable to the plaintiff upon the matter stated in that count, and *where objection is made* the plaintiff should be required to file a petition in due form." *Id.* at 823, 40 N.W. at 412 (emphasis supplied).

Having concluded that the present cause of action is separate and distinct from that presented in *Suhr No. 1*, we would not now be warranted in finding that it is barred because of res judicata.

"A former verdict and judgment are conclusive only as to the facts directly in issue, and do not extend to facts which may be in controversy, but which rest on evidence and are merely collateral. It must appear that the matter set up as a bar was in issue in the former case. The test as to whether the former judgment is a bar generally is, whether or not the same evidence will sustain both the present and the former action." *Gayer v. Parker & Son*, 24 Neb. 643, 644, 39 N.W. 845, 846 (1888), cited with approval in *Boomer v. Olsen*, 143 Neb. 579, 10 N.W.2d 507 (1943). See, also, *Vantage Enterprises, Inc. v. Caldwell*, 196 Neb. 671, 244 N.W.2d 678 (1976), and *Midwest Franchise Corp. v. Wakin*, 201 Neb. 450, 268 N.W.2d 737 (1978), wherein similar language appears. "[Where] different proof is required, a judgment in one of them [the former action] is no bar to the other [the present

action]." *Vantage Enterprises, Inc. v. Caldwell, supra* at 676, 244 N.W.2d at 681.

We are satisfied that different proof was required to prove the existence of the written lease alleged in *Suhr No. 1* than to establish the employment contract asserted in the present action.

Although a "plaintiff may unite several causes of action in the same petition," Neb. Rev. Stat. § 25-701 (Reissue 1979), and the "defendant may ... require him to show cause why the same shall not be consolidated," Neb. Rev. Stat. § 25-703 (Reissue 1979), absent those circumstances, there is nothing in the law "that requires a party to join in one suit several distinct causes of action." *Peters v. Meyer*, 131 Neb. 847, 848, 270 N.W. 312, 313 (1936). The cause of action involved in this appeal is not the same as that alleged in *Suhr No. 1* and the doctrine of res judicata is not applicable.

The judgment of the District Court in sustaining the defendant's motion to dismiss is reversed and the cause is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

BOSLAUGH and BRODKEY, JJ., concur in result.