JEANETTE MACK, APPELLANT, V.
DALE ELECTRONICS, INC., APPELLEE.

307 N.W.2d 814

Filed July 2, 1981. No. 43668.

Larry R. Baumann for appellant.

Baylor, Evnen, Curtiss, Grimit & Witt for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, BRODKEY, WHITE, and HASTINGS, JJ.

KRIVOSHA, C.J.

The appellant, Jeanette Mack (Mack), appeals from an order entered by a three-judge panel of the Nebraska Workmen's Compensation Court which, on rehearing, denied to Mack any right of recovery and dismissed her petition for the reason she failed to provide medical evidence showing a causal connection between the alleged accident and the claimed dis-

ability. We have reviewed the record and have determined that the action of the three-judge panel in dismissing the petition was correct, and we therefore affirm.

The relevant facts are virtually without dispute. It appears that Mack was employed by the appellee, Dale Electronics, Inc. (Dale), and was performing her duties for Dale on October 4, 1978. Her duties included operating a coding machine which, in part, painted transistors. As part of her duties, Mack was to clean the machine near the end of her duty shift. In doing so, Mack was to lift a 5-gallon container of paint dissolver and pour it into a little canister on the coding machine which removed the paint in the machine. Mack maintains that on October 4, 1978, while lifting and pouring dissolver from the 5-gallon can into the little canister, she felt and heard her back snap and has since that time, as a result of the "snap," suffered pain, discomfort, and an inability to perform as she did before her alleged accident. The principal difficulty with her argument, however, is that she has been unable to produce any medical testimony which will connect the cause of her alleged difficulty with the claimed accident which she maintains occurred on October 4, 1978.

Mack has been to a number of physicians, including a general practitioner, an orthopedist, and a neurosurgeon. None of them were able to find any objective evidence of residual disability attributable to the accident in question. Likewise, they were unable to state with any degree of medical certainty that her claimed problems are in any way connected to her alleged accident on October 4, 1978.

Mack maintains that the production of such evidence is not necessary. She maintains that she is entitled to recover solely on the basis that she has produced evidence to show that before October 4, 1978, she felt well and was able to do everything, and that after October 4, 1978, she has had constant

pain and is unable to do anything. The difficulty with that argument is that it totally ignores the language of the Workmen's Compensation Act. Neb. Rev. Stat. § 48-101 (Reissue 1978) provides as follows: "When personal injury is caused to an employee *by accident* or occupational disease, arising out of and in the course of his or her employment, such employee shall receive compensation therefor from his or her employer if the employee was not willfully negligent at the time of receiving such injury." (Emphasis supplied.)

Neb. Rev. Stat. § 48-151(2) (Reissue 1978) defines the word "accident" as follows: "The word accident as used in this act shall, unless a different meaning is clearly indicated by the context, be construed to mean an unexpected or unforeseen injury happening suddenly and violently, with or without human fault, and producing at the time objective symptoms of an injury. The claimant shall have a burden of proof to establish by a preponderance of the evidence that such unexpected or unforeseen injury *was in fact caused by the employment. There shall be no presumption from the mere occurrence of such unexpected or unforeseen injury that the injury was in fact caused by the employment.*" (Emphasis supplied.) The language of the statute is abundantly clear. The mere fact that one may become ill or experience pain during employment does not in and of itself prove that the employee is disabled as a result of an "accident" arising out of and in the course of employment, entitling the individual to compensation under the act. In order to receive that compensation it is necessary that the employee establish that the difficulties which the employee is experiencing were caused by an "accident" as defined by the Workmen's Compensation Act. In *Smith v. Stevens,* 173 Neb. 723, 725-26, 114 N.W.2d 724, 726 (1962), we said in part: "Plaintiff must show a causal connection between the accident suffered by him and the alleged disability."

Mack's reliance upon her testimony that before the pain experienced at work she could do everything, and after the pain she is disabled, absent objective evidence that an accident as defined by the act caused such disability, is misplaced. The evidence is insufficient even under a liberal construction of the Workmen's Compensation Act.

In *McCann v. Holy Sepulchre Cemetery Assn.*, 205 Neb. 444, 448, 288 N.W.2d 45, 48 (1980), we said: "[U]nless the character of the injury is objective, that is, where its nature and effect are plainly apparent, then it is a subjective condition necessitating expert testimony. [Citation omitted.] This is such a case requiring expert medical testimony to show the requisite causal connection between the injury and the claimed disability." And in *Eiting v. Godding*, 191 Neb. 88, 91-92, 214 N.W.2d 241, 244 (1974), we said: "Where the claimed injuries are of such a character as to require skilled and professional persons to determine the cause and extent thereof, the question is one of science. Such a question must necessarily be determined from the testimony of skilled professional persons and cannot be determined from the testimony of unskilled witnesses having no scientific knowledge of such injuries." The employee must show by competent medical testimony a causal connection between the alleged injury, the employment, and the disability.

Where, as here, Mack is unable to produce any medical testimony connecting her discomfort with anything which occurred during the course of her employment, including the event on October 4, 1978, she has simply failed to meet her burden under the act and cannot recover. That was the finding made by the three-judge panel of the Workmen's Compensation Court on rehearing. The finding of the Workmen's Compensation Court on rehearing may not be set aside on the basis of the record as we find it. In *McCann v. Holy Sepulchre Cemetery Assn.*, *supra* at 448-49, 288 N.W.2d at 48, we said: "The findings of fact made

by the Nebraska Workmen's Compensation Court on rehearing have the same force and effect as a jury verdict in a civil case, and such order may be reversed or set aside with respect to the evidence only where there is not sufficient evidence in the record to warrant the order or judgment. In testing the sufficiency of the evidence to support the findings, every controverted fact must be resolved in favor of the successful party and he should have the benefit of every inference that can be drawn therefrom. [Citations omitted.] Such findings on rehearing will not be set aside on appeal unless clearly wrong." In view of the fact that the record fails to disclose any evidence of causal connection, the judgment of the Workmen's Compensation Court must be affirmed.

AFFIRMED.