THOMAS J. COCO, APPELLANT, V. AUSTIN COMPANY AND GENERAL ACCIDENT GROUP, APPELLEES.

321 N.W.2d 448

Filed July 2, 1982. No. 81-568.

Daniel K. Powers, for appellant.

Theodore J. Stouffer of Cassem, Tierney, Adams, Gotch & Douglas, for appellees.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

CLINTON, J.

This is an appeal from the Nebraska Workmen's Compensation Court which, on rehearing, denied the plaintiff's claim for permanent disability alleged to have arisen from an injury suffered on October 5, 1978, while the plaintiff was employed as a carpenter by the defendant Austin. The plaintiff on appeal to this court makes the following assignments of error: (1) The Workmen's Compensation Court erred in requiring the plaintiff to present medical evidence to show a causal connection between an admitted compensable injury and an obvious disability that resulted therefrom. (2) The court erred in dismissing plaintiff's petition, and should have instead required

the plaintiff to submit to a medical examination at the employer's expense. We affirm the judgment of the Workmen's Compensation Court.

After hearing before the one-judge Workmen's Compensation Court the plaintiff received an award for temporary total disability for 2⁶/₇ weeks at $155 per week and the sum of $14.61 per week for 297¹/₇ weeks for permanent partial disability. together with medical expense. On rehearing, the three-judge court denied the claim for disability and dismissed the claimant's petition. Paragraph IV of the judgment of dismissal was as follows: "The issue herein is whether there is a causal connection between the plaintiff's present alleged disability and his accident and injury of October 5, 1978. The plaintiff testified that he is presently unable to work as a carpenter. The plaintiff further testified that after his release to return to work in November, 1978, he subsequently worked for Simpson Company and suffered pain in the same area of his back while lifting a miter box.

"The plaintiff offered no medical evidence to show a causal connection between his alleged disability and his alleged accident and injury of October 5, 1978. Due to the nature of plaintiff's alleged injury, such medical evidence is required. See *McCann v. Holy Sepulchre Cemetery Assn.,* 205 Neb. 444, 288 N.W.2d 45 and *Mack v. Dale Electronics, Inc.,* 209 Neb. 367. The plaintiff has failed to maintain his burden of proof and his petition must therefore be dismissed."

The plaintiff testified that on October 5, 1978, he injured his back while working for Austin when he lifted a heavy plywood form used for forming concrete. Although he finished work that day, he was unable to work for a time thereafter. After physical therapy and treatment from a chiropractic physician and others, he was released to return to work in November. Thereafter he worked for two different

employers for periods of about 5 weeks. In each case the employment was terminated because the work was finished. While employed by Simpson, he lifted a miter box and again suffered a similar back pain. He did a little work thereafter from time to time. He testified that the pain of the original injury had never left him, that he was unable to lift anything, and that without being able to lift he could not function as a carpenter. He further testified he had no other skills, having been a carpenter for a period of 35 years. He offered no medical testimony.

In *McCann v. Holy Sepulchre Cemetery Assn.*, 205 Neb. 444, 288 N.W.2d 45 (1980), we said: "Under the Nebraska Workmen's Compensation Law, the claimant seeking compensation has the burden of proof to establish by a preponderance of the evidence that an injury received arising out of and in the course of his employment was the proximate cause of the disability for which benefits are sought. . . . The cause of an injury or disability not objective in character requires proof by expert testimony or other appropriate scientific means." (Syllabi of the court.) See, also, *Mack v. Dale Electronics, Inc.*, 209 Neb. 367, 307 N.W.2d 814 (1981).

The plaintiff argues that if the Workmen's Compensation Court deemed medical evidence necessary, it should have had the plaintiff examined by a physician and received the reports of the physician on the issue. He relies upon the following provision of Neb. Rev. Stat. § 48-120 (Reissue 1978): "Whenever the court deems it necessary, in order to assist it in resolving any issue of medical fact or opinion, it shall cause the employee to be examined by a physician or physicians selected by the court and obtain from such physician or physicians a report upon the condition or matter which is the subject of inquiry. The court may charge the cost of such examination to the carrier." He cites no case authority supporting his interpretation of the purpose of § 48-120.

The burden of proof in a workmen's compensation proceeding is upon the claimant. *McCann v. Holy Sepulchre Cemetery Assn., supra.* The plaintiff cites no authority which supports a construction of the above provision making it the duty of the court to supply an absence of proof. Its literal language applies only to the resolution of issues of medical fact or opinion. Furthermore, from the context of the entire statute in which the above provision appears, it is clear that it is intended to apply only in cases where liability has been established and there arise medical issues concerning such things as refusal of medical treatment or the necessity or sufficiency of medical treatment.

We hold that the above provision of § 48-120 grants to the court a discretionary power to be exercised in the circumstances to which the general subject matter of § 48-120 pertains.

The judgment is affirmed.

AFFIRMED.