LEROY WEYANT & SONS, INC., APPELLEE AND CROSS-APPELLANT, V. HOWARD R. HARVEY, DOING BUSINESS AS ORANGE BOWL, APPELLANT AND CROSS-APPELLEE.
LEROY WEYANT & SONS, INC., APPELLEE AND CROSS-APPELLANT, V. CLASSIC LANES OF GERING, INC., APPELLANT AND CROSS-APPELLEE.

321 N.W.2d 429

Filed July 2, 1982. Nos. 44171, 44172.

Raymond, Olsen, Coll & Ediger, P.C., for appellants.

Harris & Lippstreu, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

PER CURIAM.

These cases, which were consolidated for trial in the District Court and for briefing and argument in this court, were suits on contracts involving advertising in bowling establishments. The plaintiff, LeRoy Weyant & Sons, Inc., contracts with bowling alleys to furnish equipment and supplies in return for the right to sell advertising displays at the alley.

Case No. 44171 was an action against Howard R. Harvey, doing business as the Orange Bowl. One contract provided the plaintiff would furnish a "Maxie Display Unit" to the defendant in return for the plaintiff's right to sell advertising for a 6-year period. The contract was dated May 23, 1978, but no advertising was to be sold until August 1979.

A second contract provided the plaintiff would furnish a "Promo Bowling Promotional Display Unit" to the defendant and pay the defendant 10 percent of the advertising sold the first year. In return the defendant agreed to install the unit and display the advertising furnished by the plaintiff for a period of 3 years.

A third contract provided the plaintiff would furnish transparent plastic score projector sheets to the defendant, which the defendant agreed to use for a period of 3 years.

The plaintiff also agreed to pay the defendant's dues to the National Bowling Proprietors Association and furnish "money envelopes and captain sheets."

In June or July of 1979 the defendant refused to permit the plaintiff to proceed under the contracts,

claiming that the plaintiff had breached the contracts. The plaintiff then commenced an action to recover its damages for the alleged breach of contract.

Case No. 44172 involves a set of similar contracts with Classic Lanes of Gering, Inc. When the defendant in that case refused to proceed with the contracts, the plaintiff commenced an action for breach of contract against Classic Lanes.

The evidence was in conflict and presented questions of credibility for the trier of fact. The trial court found generally for the plaintiff and against both defendants. The plaintiff recovered a judgment in the amount of $21,224.40 against the defendant Harvey, and a judgment in the amount of $19,666.40 against Classic Lanes. Both defendants have appealed. The plaintiff has cross-appealed.

As we view the record, the principal issue on appeal relates to the amount of damages awarded to the plaintiff. LeRoy James Weyant, Jr., the owner of the plaintiff, testified in detail as to how he computed the damages. He testified as to the revenue from advertising sold, costs and expenses paid, and expenses which would be saved since the contracts would not be performed. His testimony, however, omitted an important item of cost or expense to the plaintiff.

Weyant testified that the advertising was sold by independent contractors. Richard R. Dawes, an independent contractor and sales representative for the plaintiff, testified that he was paid a percentage of the sales. The record does not disclose the amount of the commission which was paid to the sales representative by the plaintiff. It is obvious that this would be an important item of expense which would be saved if the contracts were not performed.

Damages are recoverable for losses caused by breach of contract only to the extent that the evi-

dence affords a sufficient basis of ascertaining their amount in money with reasonable certainty. *Ridenour v. Kuker,* 185 Neb. 321, 175 N.W.2d 287 (1970).

The plaintiff has the burden to prove the amount of damages with as much certainty as the case permits. *Tyler v. Olson Bros. Mfg. Co., Inc.,* 201 Neb. 79, 266 N.W.2d 216 (1978). Here an important element in the computation of lost profits was omitted from the evidence.

In the *Ridenour* case we concluded that the evidence in two of the cases established the right of the plaintiffs to recover damages, but would not sustain the verdicts for the amount of damages awarded. In those cases the judgments were reversed and the causes remanded for a new trial on the issue of damages only.

We conclude that the judgments should be reversed and the causes remanded for a new trial on the issue of damages. It is unnecessary to consider the issues raised by the cross-appeal.

REVERSED AND REMANDED FOR A NEW TRIAL.

CAPORALE, J., dissenting.

I dissent. The majority acknowledges that the burden is upon the plaintiff to prove its damages with as much certainty as the case permits; acknowledges plaintiff simply failed to adduce any evidence on an element required to compute those damages, namely, one of its cost items; and then, having enlightened plaintiff as to the requirements for proving its measure of recovery, blithely remands the cases for new trial on the damages issue.

The case which the majority cites in order to justify forsaking its proper role as adjudicator, and instead joining forces with plaintiff's counsel, *Ridenour v. Kuker,* 185 Neb. 321, 175 N.W.2d 287 (1970), supports no such action. The causes in *Ridenour* were remanded for a new trial on the issue of damages not because plaintiff had failed to prove a necessary element of the damage computation but,

rather, because the jury went beyond the limits set by the evidence before it.

*Suhr v. City of Scribner,* 202 Neb. 364, 275 N.W.2d 596 (1979), *appeal after remand* 207 Neb. 24, 295 N.W.2d 302 (1980), is particularly instructive. Therein, plaintiff failed to adduce evidence from which the jury could determine the damages caused by his wrongful eviction and failed to adduce evidence as to the net rental value of the storage facilities which he was required to move. This court ruled the issue of damages on those matters should have been removed from the jury, and then remanded with directions to enter judgment in the amount of $10 as nominal damages, together with costs, as a consequence of the wrongful eviction. It did not, having instructed plaintiff how to prove damages, then remand for a new trial on that issue.

Thus, if the cases at hand had been tried to a jury, *Suhr* tells us we would have reversed and dismissed because of a failure of proof on the issue of damages. There is no rational basis for applying a different rule here merely because the trial was to a judge. A lack of evidence is a lack of evidence, regardless of who the trier of fact may be.

We have held that in a breach of contract case the plaintiff must not only show his right of recovery, he must also prove the elements and facts which compose the measure of his recovery. *Midlands Transp. Co. v. Apple Lines, Inc.,* 188 Neb. 435, 197 N.W.2d 646 (1972). Almost, but not quite, proving the measure of recovery should be treated no differently than almost, but not quite, proving the right to recover. See *Coco v. Austin Co., post* p. 95, 321 N.W.2d 448 (1982), dismissing a workmen's compensation case because of failure of proof on the issue of causation. The majority opinion in the instant cases does violence both to the *Midlands* rule and to the concept of an impartial judiciary.

Admittedly, the majority's action in the present

case is not without precedent. For example, in *Bass v. Boetel & Co.,* 191 Neb. 733, 217 N.W.2d 804 (1974), this court, Clinton, J., dissenting, reversed and remanded for a new trial because there was insufficient evidence to support the jury's award of damages and because the jury had not been instructed with regard thereto. On the other hand, in *Dana F. Cole & Co. v. Byerly,* 211 Neb. 903, 320 N.W.2d 916 (1982), a failure of proof as to damages resulted in a judgment being rendered against the plaintiff in that regard, and not in a new trial being ordered on that issue.

It appears our holdings in this regard have not been consistent; accordingly, the bar may be forgiven if it is confused as to exactly what its responsibilities are in proving damages and what the consequences of failing to prove them may be.

I would remove that confusion by reversing and dismissing these cases.

CLINTON and WHITE, JJ., join in this dissent.